## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SCOTT HINTERLEITER and SHAWN CLICK, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GOLDEN CORRAL CORPORATION,**<br><br>**Defendant.** | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>*CA 1:17cv14 Erie* |

### CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Scott Hinterleiter and Shawn Click ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Outten & Golden LLP, Shavitz Law Group, P.A., and Winebrake & Santillo, LLC, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover unpaid overtime compensation for Plaintiffs and their similarly situated co-workers who have worked for Defendant Golden Corral Corporation ("Golden Corral or "Defendant") in the United States as exempt-classified Kitchen Associate Managers and Hospitality Managers, however variously titled (collectively, "Associate Managers" or "AMs").

2.      Plaintiffs bring this action to recover unpaid overtime compensation for themselves and similarly situated employees as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

3.      Plaintiff Scott Hinterleiter ("Plaintiff Hinterleiter") also brings this action to recover unpaid overtime compensation for himself and similarly situated Pennsylvania

employees as a Fed. R. Civ. P. 23 class action under the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101 *et seq.* (the "Pennsylvania Wage Laws").

4.      Plaintiff Shawn Click ("Plaintiff Click") also brings this action to recover unpaid overtime compensation for himself and similarly situated Kentucky employees as a Fed. R. Civ. P. 23 class action under the Kentucky Wage Laws, KRS § 337.010 *et seq.* (the "Kentucky Wage Laws").

5.      Golden Corral is a buffet-style restaurant chain, which operates approximately 94 company-owned locations across the country.

6.      Golden Corral had $1.740 billion in system-wide sales (including its franchised and company-operated restaurants) in fiscal year 2015.

7.      Golden Corral required Plaintiffs and other AMs to work over 40-hour workweeks without paying them any overtime compensation.

8.      Golden Corral misclassified Plaintiffs and all of its other AMs as exempt from the overtime requirements of federal and state laws.

9.      Plaintiffs and other AMs performed substantially the same duties in all Golden Corral restaurants.

10.     Plaintiffs and AMs spent the majority of their time performing the same duties that non-exempt restaurant employees performed, including cooking and preparing food; taking out trash; washing dishware and glassware; refilling food on the buffet line; unpacking products and supplies; cleaning the restaurant; and serving customers.  Performing these tasks was the primary duty of the AM position.

11.     Golden Corral applied the same compensation and employment policies, practices, and procedures to its AMs nationwide.

12.     By agreement of the parties, dated April 6, 2016, the statute of limitations for the FLSA and state wage and hour claims on behalf of Plaintiffs and similarly situated AMs nationwide was tolled from March 11, 2016 through January 13, 2017.

## THE PARTIES

### Plaintiffs

#### *Plaintiff Scott Hinterleiter*

13.     Plaintiff Hinterleiter is an adult individual who is a resident of Conneaut Lake, Pennsylvania (Crawford County).

14.     Plaintiff Hinterleiter was employed by Defendant as an AM in Erie, Pennsylvania (Erie County) from approximately January 2010 to approximately October 2014.

15.     While employed by Defendant as an AM, Plaintiff Hinterleiter regularly worked more than 40 hours per week and often worked between 50 and 70 hours per week for Defendant.

16.     Pursuant to Golden Corral's policy and pattern or practice, Golden Corral did not pay Plaintiff Hinterleiter overtime premium pay when he worked as an AM in excess of 40 hours in a workweek.

17.     Plaintiff Hinterleiter is a covered employee within the meaning of the FLSA and the Pennsylvania Wage Laws.

18.     A written consent to join form for Plaintiff Hinterleiter is attached hereto as **Exhibit A.**

#### *Plaintiff Shawn Click*

19.     Plaintiff Click is an adult individual who is a resident of West Grove, Pennsylvania.

20.    Plaintiff Click was employed by Defendant as an AM in Louisville, Kentucky from approximately September 2014 to approximately April 2015.

21.    While employed by Defendant as an AM, Plaintiff Click regularly worked more than 40 hours per week and often worked between 50 and 70 hours per week for Defendant.

22.    Pursuant to Golden Corral's policy and pattern or practice, Golden Corral did not pay Plaintiff Click overtime premium pay when he worked as an AM in excess of 40 hours in a workweek.

23.    Plaintiff Click is a covered employee within the meaning of the FLSA and the Kentucky Wage Laws.

24.    A written consent to join form for Plaintiff Click is attached hereto as **Exhibit B**.

**Defendant**

25.    Golden Corral Corporation's principal executive office is located at 5151 Glenwood Avenue, Raleigh, North Carolina 27612.

26.    Golden Corral is a covered employer within the meaning of the FLSA, the Kentucky Wage Laws, and the Pennsylvania Wage Laws.

27.    At all times relevant, Golden Corral maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

28.    Golden Corral applies the same employment policies, practices, and procedures to all AMs at all Golden Corral restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation.

29.    At all times relevant, Golden Corral's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

30.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

31.     Plaintiffs' state law claims are so closely related to their claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

32.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

33.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

34.     Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendant operates there, and a substantial part of the events or omissions giving rise to the claims occurred in this district.  Defendant is subject to personal jurisdiction in Pennsylvania.

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who worked as AMs at Golden Corral restaurants nationwide at any time since March 14, 2013, who elect to opt-in to this action (the "FLSA Collective").

36.     Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiffs and other similarly situated AMs.

37.     Consistent with Defendant's policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid overtime premium compensation when they worked beyond 40 hours in a workweek.

38.     All of the work that Plaintiffs and the members of the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

39.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

(a)     willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

(b)     willfully misclassifying Plaintiffs and the members of the FLSA collective as exempt from the protections of the FLSA; and

(c)     willfully failing to record all of the time that its employees, including Plaintiffs and the members of the FLSA Collective, have worked for the benefit of Defendant.

40.     Defendant is aware or should have been aware that federal law required it to pay Plaintiffs and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

41.     Plaintiffs and the members of the FLSA Collective perform or performed the same primary duties.

42.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

43.     There are many similarly situated current and former AMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

44.     Similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

45.     Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

46.     Plaintiff Hinterleiter brings the Second Cause of Action, the Pennsylvania Wage Law claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as an AM at any Golden Corral restaurant in Pennsylvania between March 14, 2013 and the date of final judgment in this matter (the "Pennsylvania Rule 23 Class").

47.     Excluded from the Pennsylvania Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Pennsylvania Rule 23 Class.

48.     The members of the Pennsylvania Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Hinterleiter, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

49.     Upon information and belief, the size of the Pennsylvania Rule 23 Class is at least 40 individuals.

50.     Defendant has acted or has refused to act on grounds generally applicable to the Pennsylvania Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Pennsylvania Rule 23 Class as a whole.

51.     Common questions of law and fact exist as to the Pennsylvania Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

 (a) whether Defendant violated the Pennsylvania Wage Laws;

 (b) whether Defendant failed to compensate Plaintiff Hinterleiter and the Pennsylvania Rule 23 Class for hours worked in excess of 40 hours per workweek;

 (c) whether Defendant misclassified Plaintiff Hinterleiter and the Pennsylvania Rule 23 Class as exempt from the  overtime requirements of the Pennsylvania Wage Laws;

 (d) whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff Hinterleiter and the Pennsylvania Rule 23 Class, and other records required by the Pennsylvania Wage Laws;

 (e) whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

 (f) the nature and extent of class-wide injury and the measure of damages for those injuries.

52.     The claims of Plaintiff Hinterleiter are typical of the claims of the Pennsylvania Rule 23 Class he seeks to represent.

53.     Plaintiff Hinterleiter and the Pennsylvania Rule 23 Class members work, or have worked, for Defendant as AMs at Golden Corral.

54.     Plaintiff Hinterleiter and the Pennsylvania Rule 23 Class members enjoy the same statutory rights under the Pennsylvania Wage Laws, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff Hinterleiter and the Pennsylvania Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the Pennsylvania Wage Laws.  Plaintiff Hinterleiter and the Pennsylvania Rule 23 Class members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

55.     Plaintiff Hinterleiter will fairly and adequately represent and protect the interests of the members of the Pennsylvania Rule 23 Class.  Plaintiff Hinterleiter understands that, as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff Hinterleiter recognizes that, as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests.  Plaintiff Hinterleiter understands that, in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class. Plaintiff Hinterleiter recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff Hinterleiter understands that, in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

56.     Plaintiff Hinterleiter has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Hinterleiter and the Pennsylvania Rule 23 Class members.

57.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present

action, where an individual plaintiff may lack the financial resources to vigorously prosecute a

lawsuit in federal court against a corporate defendant.  The members of the Pennsylvania Rule 23

Class have been damaged and are entitled to recovery as a result of Defendant's violations of the

Pennsylvania Wage Laws.  Although the relative damages suffered by individual Pennsylvania

Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and

burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial

resources to conduct a thorough examination of Defendant's timekeeping and compensation

practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In

addition, class litigation is superior because it will obviate the need for unduly duplicative

litigation that might result in inconsistent judgments about Defendant's practices.

58.     This action is properly maintainable as a class action under Federal Rule of Civil

Procedure 23(b)(3).

## KENTUCKY CLASS ACTION ALLEGATIONS

59.     Plaintiff Click brings the Third Cause of Action, the Kentucky Wage Law claim,

under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of

persons consisting of:

> All persons who work or have worked as an AM at any
> Golden Corral restaurant in Kentucky between March 14,
> 2011 and the date of final judgment in this matter (the
> "Kentucky Rule 23 Class").

60.     Excluded from the Kentucky Rule 23 Class are Defendant, Defendant's legal

representatives, officers, directors, assigns, and successors, or any individual who has, or who at

any time during the class period has had, a controlling interest in Defendant; the Judge(s) to

whom this case is assigned and any member of the Judge(s)' immediate family; and all persons

who will submit timely and otherwise proper requests for exclusion from the Kentucky Rule 23 Class.

61.     The members of the Kentucky Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

62.     Upon information and belief, the size of the Kentucky Rule 23 Class is at least 40 individuals.

63.     Defendant has acted or has refused to act on grounds generally applicable to the Kentucky Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Kentucky Rule 23 Class as a whole.

64.     Common questions of law and fact exist as to the Kentucky Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendant violated the Kentucky Wage Laws;

(b)     whether Defendant failed to compensate Plaintiff Click and the Kentucky Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)     whether Defendant misclassified Plaintiff Click and the Kentucky Rule 23 Class as exempt from the overtime requirements of the Kentucky Wage Laws;

(d)     whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff Click and the Kentucky Rule 23 Class, and other records required by the Kentucky Wage Laws;

(e)     whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(f)     the nature and extent of class-wide injury and the measure of damages for those injuries.

- 11 -

65.     The claims of Plaintiff Click are typical of the claims of the Kentucky Rule 23 Class he seeks to represent.

66.     Plaintiff Click and the Kentucky Rule 23 Class members work, or have worked, for Defendant as AMs at Golden Corral.

67.     Plaintiff Click and the Kentucky Rule 23 Class members enjoy the same statutory rights under the Kentucky Wage Laws, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff Click and the Kentucky Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the Kentucky Wage Laws.  Plaintiff Click and the Kentucky Rule 23 Class members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

68.     Plaintiff Click will fairly and adequately represent and protect the interests of the members of the Kentucky Rule 23 Class.  Plaintiff Click understands that as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff Click recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests. Plaintiff Click understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  Plaintiff Click recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff Click understands that, in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

69.     Plaintiff Click has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Click and the Kentucky Rule 23 Class members.

70.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Kentucky Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the Kentucky Wage Laws.  Although the relative damages suffered by individual Kentucky Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

71.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

72.     Throughout their employment with Defendant, Plaintiffs and the members of the FLSA Collective, the Pennsylvania Rule 23 Class, and the Kentucky Rule 23 Class (collectively "Class Members") regularly worked more than 40 hours per week.

73.     Plaintiffs' and the Class Members' primary job duties are common throughout Golden Corral's restaurants.

74.     Defendant was aware that Plaintiffs and the Class Members worked more than 40 hours per workweek, yet Defendant failed to pay overtime compensation for hours worked over 40 in a workweek.

75.     Defendant did not keep accurate records of hours worked by Plaintiffs or the Class Members.

76.     Plaintiffs' and the Class Members' work hours are not recorded on paystubs.

77.     Defendant did not require Plaintiffs or the Class Members to clock in or out, or otherwise record their time.

78.     Plaintiffs' and the Class Members' primary duties were routine, non-exempt tasks including, but not limited to:

      (a)     cooking and preparing food;

      (b)     taking out trash;

      (c)     washing dishware and glassware;

      (d)     refilling food on the buffet line;

      (e)     unpacking products and supplies;

      (f)     cleaning the restaurant; and

      (g)     serving customers.

79.     Plaintiffs and the Class Members spent the majority of their time performing these duties that were the same as or similar to tasks performed by hourly, non-exempt employees.

80.     Plaintiffs' and the Class Members' primary duties as AMs did not differ substantially from the duties of hourly, non-exempt employees.

81.     Plaintiffs' and the Class Members' primary job duties as AMs did not include:

      (a)     hiring;

  (b)  firing;

  (c)  making recommendations for hiring, firing, or other employment decisions;

  (d)  scheduling; or

  (e)  disciplining other employees.

82. Plaintiffs' and the Class Members' primary job duties were not directly related to Defendant's management or general business operations.

83. Plaintiffs' and the Class Members' primary job duties did not include the exercise of discretion or independent judgment regarding matters of significance.

84. Plaintiffs and the Class Members were not involved in planning Defendant's long or short term business objectives.

85. Plaintiffs and the Class Members did not formulate, affect, implement or interpret Defendant's management policies or operating practices.

86. Plaintiffs and the Class Members did not carry out major assignments that affected Defendant's business operations.

87. Plaintiffs and the Class Members did not have authority to commit Defendant in matters that had significant financial impact.

88. Plaintiffs and the Class Members could not waive or deviate from Defendant's established policies or procedures without prior approval.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the members of the FLSA Collective)

89. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

90.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

91.     At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

92.     At all relevant times, Defendant employed Plaintiffs and the FLSA Collective.

93.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

94.     At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

95.     At all times relevant, Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

96.     Defendant has failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

97.     Defendant's violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.

98.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

99.     As a result of the unlawful acts of Defendant, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest,

attorneys' fees, costs, other compensation pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief provided by law as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### Pennsylvania Wage Laws – Unpaid Overtime
### (Brought on behalf of Plaintiff Hinterleiter and the members of the
### Pennsylvania Rule 23 Class)

100.    Plaintiff Hinterleiter re-alleges and incorporates by reference all allegations in all preceding paragraphs.

101.    Defendant engaged in a widespread pattern, policy, and practice of violating the Pennsylvania Wage Laws, as detailed in this Class and Collective Action Complaint.

102.    At all times relevant, Plaintiff Hinterleiter and the members of the Pennsylvania Rule 23 Class have been employees of Defendant within the meaning of the Pennsylvania Wage Laws.

103.    Plaintiff Hinterleiter and the Pennsylvania Rule 23 Class are covered by the Pennsylvania Wage Laws.

104.    Defendant has failed to pay Plaintiff Hinterleiter and the members of the Pennsylvania Rule 23 Class overtime wages to which they are entitled under the Pennsylvania Wage Laws.

105.    Defendant failed to pay Plaintiff Hinterleiter and the members of the Pennsylvania Rule 23 Class overtime at a wage rate of one and one-half times their regular rates of pay.

106.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Hinterleiter and the members of the Pennsylvania Rule 23 Class.

107.    Defendant's violations of the Pennsylvania Wage Laws, as described in this Class and Collective Action Complaint, have been willful and intentional.

108.     Due to Defendant's violations of the Pennsylvania Wage Laws, Plaintiff Hinterleiter and the members of the Pennsylvania Rule 23 Class are entitled to recover from Defendant unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated and other damages as provided for by the Pennsylvania Wage Laws, prejudgment and post-judgment interest, injunctive and declaratory relief, and such other legal and equitable relief provided by Pennsylvania Wage Laws as the Court deems just and proper.

**THIRD CAUSE OF ACTION**
**Kentucky Wage Laws – Unpaid Overtime**
**(Brought on behalf of Plaintiff Click and the members of the**
**Kentucky Rule 23 Class)**

109.     Plaintiff Click re-alleges and incorporates by reference all allegations in all preceding paragraphs.

110.     Defendant engaged in a widespread pattern, policy, and practice of violating the Kentucky Wage Laws, as detailed in this Class and Collective Action Complaint.

111.     At all times relevant, Plaintiff Click and the members of the Kentucky Rule 23 Class have been employees of Defendant within the meaning of the Kentucky Wage Laws.

112.     Plaintiff Click and the Kentucky Rule 23 Class are covered by the Kentucky Wage Laws.

113.     Defendant has failed to pay Plaintiff Click and the members of the Kentucky Rule 23 Class overtime wages to which they are entitled under the Kentucky Wage Laws.

114.     Defendant failed to pay Plaintiff Click and the members of the Kentucky Rule 23 Class overtime at a wage rate of one and one-half times their regular rates of pay.

115.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Click and the members of the Kentucky Rule 23 Class.

116.    Defendant's violations of the Kentucky Wage Laws, as described in this Class and Collective Action Complaint, have been willful and intentional.

117.    Due to Defendant's violations of the Kentucky Wage Laws, Plaintiff Click and the members of the Kentucky Rule 23 Class are entitled to recover from Defendant unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated, punitive, and other damages as provided for by the Kentucky Wage Laws, prejudgment and post-judgment interest, injunctive and declaratory relief, and such other legal and equitable relief provided by the Kentucky Wage Laws as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all AMs and similarly situated employees who are presently working, or have at any time since March 14, 2013, up through and including the date of this Court's issuance of court-supervised notice, worked at Golden Corral.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C.    Unpaid overtime pay, penalties, and other damages as permitted by law pursuant to the Pennsylvania and Kentucky Wage Laws;

D.    Certification of the Pennsylvania and Kentucky Rule 23 Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      Designation of Plaintiff Hinterleiter as class representative of the Pennsylvania Rule 23 Class, Plaintiff Click as class representative of the Kentucky Rule 23 Class, and counsel of record as Class Counsel;

F.      Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful;

G.      Prejudgment and post-judgment interest;

H.      An injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein;

I.      Reasonable incentive awards for the named Plaintiffs to compensate them for the time they have spent and will spend attempting to recover wages for Class and Collective Members and for the risks they took in doing so;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: January 17, 2017

Respectfully submitted,

By: *Mark J. Gottesfeld*
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
**WINEBRAKE & SANTILLO, LLC**
Twining Office Center, Suite 211
715 Twining Road
Dresher, Pennsylvania 19025
Telephone:     (215) 884-2491

**OUTTEN & GOLDEN LLP**
Justin M. Swartz*
Melissa L. Stewart*
Christopher M. McNerney*

685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:     (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
1515 S. Federal Highway
Boca Raton, Florida 33432
Telephone:     (561) 447-8888

Michael Palitz*
830 3rd Avenue, 5th Floor
New York, New York 10022
Telephone:     (800) 616-4000

*Attorneys for Plaintiffs and the Putative
Classes and Collective*

* *Pro hac vice* application forthcoming

# Exhibit A

DocuSign Envelope ID: BF243FE7-1768-42FB-A8DD-9C19CE761A17

## CONSENT TO JOIN FORM

1.     I consent to be a party plaintiff in a lawsuit against Defendant(s),
<u>Golden Corral</u>
_____ , and/or related entities and individuals in order to seek redress
for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.     I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such
claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be
bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.     I also consent to join any other related action against Defendant(s) or other
potentially responsible parties to assert my claim and for this Consent Form to be filed in any
such action.

DocuSigned by:

_____
**Signature** 95456

Scott Hinterleiter
_____
Print Name

# Exhibit B

## CONSENT TO JOIN FORM

      1.     I consent to be a party plaintiff in a lawsuit against Defendant(s),
Golden Corral , and/or related entities and individuals in order to seek redress
for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.     I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.     I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

_____
Signature

Shawn Click
_____
Print Name